IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02534-RBJ

TAYNNA TAYGMA SANTOS CARDOSO,

      Petitioner,

v.

TODD BLANCHE, et al.,
in their official capacities,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Taynna Taygma Santos Cardoso's (petitioner) Petition for a Writ of Habeas Corpus (Petition),  ECF No. 1. Among other relief, petitioner requests that the Court enjoin respondents from transferring her out of the District of Colorado or removing her from the United States during the pendency of this action.  *See* ECF No. 1 at 16 (¶ f).

The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove her from the United States during the pendency of these proceedings.  The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

1

Petitioner is a 37-year-old Brazilian national. ECF No. 1 at 1. She has lived in the United States since August 5, 2023, when she was admitted here on a B-2 nonimmigrant visitor visa. *Id.* When the visa expired, she did not return to Brazil and instead remained in the United States. *Id.* She lives in Florida with her husband and is active in her local community as a boxing and self-defense trainer and loyal churchgoer. *Id.* at 6. She has no criminal history and has appeared before the Aurora Immigration Court on three separate occasions without incident. *Id.* at 7.

Ms. Cardoso is currently in immigration detention at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 at 7. She asserts that the bond hearing she received on April 15, 2026, in which the Immigration Judge ("IJ") denied her bond, was constitutionally deficient under the Fifth Amendment and under the APA. *Id.* at 15.

Petitioner requests that this Court order her release forthwith or order a new bond hearing before another IJ on an expedited timeline. *Id.* at 16 (¶ e). This Court has inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen detained within the judicial district. *See Arostegui-Maldonado v. Baltazar,* 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025) (listing cases). The facts of Ms. Cardoso's detention deviate from some of the other petitioners requesting habeas relief that have appeared before this Court. Even so, the Court will order similar preliminary relief here. *See, e.g., Campos-*

2

*Melara v. Noem, et al.*, 1:25-cv-03929-RBJ, ECF No. 7 (D. Colo. Dec. 9, 2025);

*Ugarte Hernandez v. Baltazar, et al.*, 1:25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan. 15, 2026).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the Motion only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring her out of Colorado and respondents are ordered to show cause, within 14 days of service of this Order, as to why the writ should not be granted.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the expedited nature of habeas proceedings and the urgency of a particular petitioner alleging unlawful detention. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent they have not done so yet, no later than Thursday, June 18, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing

petitioner or requiring a bond hearing. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: June 18, 2026                              BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge