IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02534-RBJ

TAYNNA TAYGMA SANTOS CARDOSO,

      Petitioner,

v.

TODD BLANCHE, et al.,
in their official capacities,

      Respondents.

---

## ORDER

---

Before the Court is petitioner Taynna Taygma Santos Cardoso's (petitioner) Petition for a Writ of Habeas Corpus (Petition). ECF No. 1. Petitioner seeks an order declaring her current detention unlawful and requiring respondents to release her immediately. ECF No. 1 at 16. Alternatively, she asks for a new custody hearing before a different immigration judge (IJ). *Id.* For the reasons below, the Court finds that Ms. Cardoso's mandatory detention is unlawful and orders her release.

## I.    Background

Ms. Cardoso alleges that she is an internationally decorated amateur featherweight boxer from Brazil. On August 5, 2023, she entered the United States, lawfully, on a B-2 nonimmigrant visitor visa. When that visa expired, she did not

1

return to Brazil and instead remained in the United States and began living in Florida with her husband. She works as a boxing and self-defense trainer. ECF No. 1 at 1, 5, 6.

To date, she has appeared before the Aurora Immigration Court three times without incident. *Id.* at 7. She has no criminal history, and she has applied for two immigration applications, which remain pending: a Form I-589, Application for Asylum and Withholding of Removal; and a Form I-140, Immigrant Petition for Alien Worker under the EB-1 Extraordinary Ability category. *Id.* at 7. An individualized hearing on her asylum application is scheduled for August 5, 2026. *Id.*

On April 15, 2026, Ms. Cardoso appeared before an immigration judge for a custody redetermination hearing. At that hearing, her attorney presented considerable evidence demonstrating Ms. Cardoso was neither a flight risk nor a danger to the community. *Id.* at 7. However, the IJ denied her bond. The written decision supporting the bond denial left much wanting. The IJ did not reference the evidentiary record or provide any individualized analysis or explanation. The only explanation offered was a partial sentence stating, "because Flight risk—minimal ties to the United States and non-viable form of relief," following a check mark in the "Denied" box. *Id.*; ECF No. 1. at 26 (Ex. C).

2

On June 8, 2026, Ms. Cardoso filed her habeas petition pursuant to 28 U.S.C. § 2241. ECF No. 1. She argues that her detention violates the APA and her due process rights. In particular, she argues that the April 15 bond hearing was constitutionally deficient and arbitrary and capricious because the IJ failed to conduct an individualized assessment and failed to meaningfully consider the evidence presented at the hearing that allegedly undermined the conclusion that Ms. Cardoso posed a flight risk or danger to the community. *Id.* at 9. In addition, she argues that the IJ's determination that her pending asylum and EB-1 applications were "non-viable" was legally impermissible because it effectively constituted a merits determination on an issue beyond the scope of the custody hearing. *Id.* at 10.

Respondents submitted an abbreviated response, which states that they recognize that the Court might grant the petition, and if so, the appropriate relief would be an order directing them within seven days to provide a bond hearing or to release the petitioner. ECF No. 6.

## II. Discussion

After reviewing the petition and respondents' response, I find that Ms. Cardoso's custody hearing was constitutionally deficient. "[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana,* 406 U.S. 715,

738 (1972). In the immigration context, this means that the bond decision must be individualized.

Ms. Cardoso's bond hearing was not. The record clearly demonstrates that Ms. Cardoso was entitled to more process than she received. *See Staton v. Mayes,* 552 F.2d 908, 916 (10th Cir. 1977) (while due process does not require a "full opinion or even formal findings of fact and conclusions of law," a decision made in "conclusory terms" is insufficient; "the decision maker should state the reasons for the determination and the evidentiary basis relied on"). The IJ's order denying bond comprised nothing more than a checked box conclusorily indicating that she was a flight risk. It did not contain any elaboration or further discussion of Ms. Cardoso's circumstances or the evidence her attorney supplied in support of her release. *See Lopez Perez v. Paulk,* 2026 U.S. Dist. LEXIS 79536, 2026 WL 961948, at *5 (M.D. Ga. Apr. 6, 2026) (finding that the IJ failed to provide a constitutionally adequate bond hearing where her decision "comprised two sentences," she did not discuss the petitioner's personal circumstances, and she "announced her decision immediately at the end of the hearing"); *Garcia v. Hyde*, 817 F. Supp. 3d 112, 131 (D.R.I. 2025) (quoting *Chi Thon Ngo v. Immigr. & Naturalization Serv.,* 192 F.3d 380, 398 (3d Cir. 1999) (stating that "[d]ue process is not satisfied by rubberstamp denials of bond") (cleaned up)); *Ortiz v. Henkey,* No. 1:26-cv-00043-BLW, 2026 U.S. Dist. LEXIS 78932, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026) (finding that the

immigration proceeding in which the IJ denied bond violated petitioner's due process because the IJ "did not create a record of the proceeding except a generic order denying bond").

Accordingly, the Court finds that Ms. Cardoso has met her burden showing that her continued detention without an adequate bond hearing is unlawful.

### III.    Release is the Appropriate Remedy

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

Courts have approached habeas petitions involving deficient bond hearings differently. Some have ordered a second bond hearing. *See, e.g., Arredondo v. Baltazar,* No. 25-cv-03040-RBJ, ECF No. 26 at 15, 2025 U.S. Dist. LEXIS 279299, at *10 (D. Colo. Dec. 18, 2025); *Bayani v. LaRose,* No. 26-cv-00266-JES-VET, 2026 U.S. Dist. LEXIS 102798, 2026 WL 1270059, at *8 (S.D. Cal. May 8, 2026); *Castillo v. Field Off. Dir. of Enf't & Removal Operations*, 2025 U.S. Dist. LEXIS 278118, 2025 WL 4689387, at *7 (S.D. Fla. Dec. 19, 2025); *Lopez,* 2026 U.S. Dist. LEXIS 79536, 2026 WL 961948, at *10.

5

However, in this case, the Court concludes that release is the appropriate remedy. *See Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 U.S. Dist. LEXIS 89039, 2026 WL 1092162, at *5 (ordering immediate release and recognizing that "[r]equiring [the petitioner] to undergo yet another" bond hearing "would only add further insult to the constitutional injury to which Petitioner has already been subjected"); *Garcia Diaz v. Mattos*, No 2:26-cv-00926-RFB-BNW, 2026 U.S. Dist. LEXIS 102935, 2026 WL 1270816, at *7 (D. Nev. May 9, 2026) (granting immediate release due to a constitutionally inadequate bond hearing). Judge Martinez has expressed particular concern with the fact that IJs "often cite little or no reasoning in determining that noncitizens are a flight risk." *Singh v. Valdez*, 26-cv-1109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026)(internal quotation marks omitted). I have similar concerns.

In any event, as I have noted, respondents have acknowledged that release is an appropriate remedy in this case if the Court grants the writ. ECF No. 6 at 2.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order. Such release is conditioned on petitioner's appearance at the August 5, 2026 asylum hearing and her not driving an automobile without a valid driver's license.

6

2. Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to her current detention.

3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.

Dated: July 22, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge